IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | Criminal No. CCB 19-0455 |
| DELONTE WHEELER | : | |

## MEMORANDUM AND ORDER

Delonte Wheeler was indicted on September 24, 2019 and charged with being a felon in possession of a firearm in violation of 18 U.S.C. 922(g). ECF 1. The Defendant had his Initial Appearance on December 3, 2019. ECF 4. A detention hearing was held on December 6, 2019 and an order of detention was entered by me on that date. ECF 11,12. At the detention hearing, I found by clear and convincing evidence that there were no conditions or combination of conditions that would assure the safety of the community. ECF 12.  At the hearing the Court made findings of fact on the record and supplemented those with findings of additional reasons for detention in writing.

Defendant has now filed an Emergency Motion to Reopen Detention relying upon the COVID-19 pandemic as changed circumstances for the Court to review. ECF 22. The government has responded, opposing release. ECF 26. Defendant filed his reply on April 29, 2020. ECF 27. The parties have fully briefed the issues and there is no need for a hearing. Local Rule 105.6. For the reasons set forth below, the motion is DENIED.

The Defendant does not challenge the Order of detention based upon the previous factors set forth in 3142(g) nor the Court's analysis of the danger the Defendant poses to the public. Instead the Defendant argues that he has tested positive for COVID-19 and he should be released because his prior medical conditions of Type I diabetes and asthma present a higher risk in detention than release in the community. The Defendant has included medical records that are under seal by this Court, in support of his position. In analyzing Defendant's motion and the government's response, the Court makes an individualized assessment as to this Defendant,

Delonte Wheeler. In making this decision, I incorporate the prior rulings cited by the government

in its Response and in particular, *United States v. Xavier Lee,* ELH 19-159, ECF 97.

The Factors Under 3142(g)

Defendant was observed engaging in drug sales by police investigating drug activity. When

police arrived to arrest Defendant, he jumped into a vehicle and fled. Police followed Defendant

who led them on a high-speed chase. Police were able to observe the vehicle from a helicopter.

They watched Defendant stop and place items into a trash can. Defendant was arrested and police

recovered the items Defendant was observed placing in the trash can, a loaded handgun and 459

grams of marijuana.

The Court considered the factors set forth in 3142(g) at the detention hearing on December

6, 2019. These factors include:

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including— (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. 3142(g).

As to the first factor, the nature and circumstances of the offense charged, the Defendant

was observed selling drugs on the street while in the possession of a firearm. He fled from police

putting himself, the police officers and people in the community at risk. Defendant placed a loaded

handgun in a location where anyone could have accessed the firearm. Even during this pandemic, gun crime in Baltimore has not been abated. There have been 21 reported homicides in the last 30 days. *Baltimore Sun, homicides.news.baltimoresun.com.* In the past three months, there have been 65 reported homicides. *Id.* This does not include the non-fatal shootings, robberies, carjackings and other gun crime offenses. The Defendant's possession of a firearm, engaging in drug trafficking and fleeing the police in a high speed chase represent serious events that endanger the community. As found at the detention hearing, the first factor weighs in favor of detention.

As to the second factor, at the detention hearing I found probable cause that the Defendant committed the offense charged. Defendant does not challenge that finding. The weight of the evidence supports the charge. This factor weighs in favor of detention as well.

The third factor concerns the history and characteristics of Defendant. Defendant has previously been convicted of four drug trafficking felonies. Defendant argues that the Court found Defendant had been convicted of "four non-violent drug offenses". That is not an accurate statement and mischaracterizes the Court's findings. The Court made no such finding of a "non-violent" nature of Defendant's history. Congress has determined that drug trafficking is a danger to the community and there is a rebuttable presumption for detention.

Defendant does not challenge the Court's findings which remain undisturbed. Defendant has four prior drug felony convictions and has responded poorly to supervision in the community. He has a history of violating community supervision. In this case, Defendant was on supervision while he was out on the street dealing drugs with a firearm. His history exhibits a total lack of respect for the systems that would allow release into the community. The third factor weighs heavily in favor of detention.

As to the fourth factor, the findings by this Court, show by clear and convincing evidence Defendant is a threat to public safety and weighs in favor of detention.

Defendant and COVID-19

Defendant has a history of asthma and Type I diabetes. The Defendant included medical records in support of his motion. ECF 24. According to those records, on April 16, 2020, Defendant had some onset of symptoms, which are not described in the records. On April 18, 2020, Defendant tested positive for COVID-19. The records indicate that on April 19, 2020, those symptoms were resolved. Defendant reported feeling good the next day, denying any fever, chills, chest pains, shortness of breath, body aches or other symptoms. Defendant has been tested for fever repeatedly since that time and has remained afebrile and asymptomatic. ECF 24, Exh. B (under seal). There is nothing in those records that suggest Defendant did not receive appropriate care for his asthma and Type I Diabetes. In fact, the records support constant care provided to Defendant. Also, the records indicate that Defendant received care once he tested positive and was monitored through his course of contracting the virus. It appears Defendant did very well through the time since contracting the virus until the present. He has remained asymptomatic.

The Court does not dispute Defendant statistically is at higher risk due to his history of asthma and Type I diabetes. The Court is also very sympathetic to the fact that Defendant, at higher risk has tested positive for COVID-19 while in detention. The issue for the Court is whether at this moment in time, the COVID-19 facts related specifically to this Defendant, outweighs the other factors under 3142(g) which compels detention of Defendant.

Defendant relies primarily on the language of *Banks v. Booth*, 20 cv 849 (D.D.C.) in arguing for release. In that case, Judge Kollar-Kotelly issued an opinion granting in part and denying in part a motion for a temporary restraining order in a civil action against the District Department of Corrections (CTF and D.C. Jail) regarding the care of detainees during the COVID-19 pandemic. After receiving evidence and briefings, the Court ordered the D.C. Jail and CTF to take certain remedial measures. Judge Kollar-Kotelly did not order the release of any detainees and

also did not order that the institutions be shut down. The Order was issued on April 19, 2020. On

April 17, 2020 Director Quincy Booth issued a detailed memorandum setting forth protocols and

reminding all staff members of the need to comply with COVID-19 guidelines. ECF 26-1.

As Judge Coulson recently opined:

"At present, Judge Kollar-Kotelly, with the help of able advocates, their respective experts, and
that court's own independent inspectors, is undoubtedly in the best position to make assessments of
current overall conditions at the D.C. Jail, order necessary changes, and monitor compliance so as
to address Fifth and Eighth Amendment concerns raised by those general conditions as to the
named plaintiffs and the putative class members such as Defendant." *United States v. Irving
Hernandez,* PX-19-158, ECF-385.

At this point in time, Defendant has recovered without any documented complications from

his positive COVID-19 onset. In fact, his recovery was quite rapid. CTF and the D.C. Jail are under

the strict scrutiny of the United States District Court for the District of Columbia. Director Quincy

Booth started reforms and corrective action prior to the Order of Judge Kollar-Kotelly. By all

accounts, with respect to this particular Defendant, he has recovered and the conditions at the

facility are improving under the stewardship of the Court. Therefore, in balancing the 3142(g)

factors already found by this Court, I find that the COVID-19 factors do not outweigh the danger to

the community posed by this Defendant, Delonte Wheeler.

Release under 3142(i)

In *United States v. Creek*, the Fourth Circuit explained that 18 U.S.C. § 3142(i) requires

considering "the severity of the risk that the COVID-19 virus poses to the defendant, given his

existing medical conditions and the current COVID-19 situation at the facility where he is being

held, and whether that risk, balanced against the other Bail Reform factors, rises to the level of a

'compelling reason' for temporary release..." United States v. Creek, CCB-19-36, App. No. 20-

4251, ECF 18 at *1 (4th Cir. Apr. 15, 2020).

In this case, Defendant is asymptomatic with no residual effects post positive testing. The institution is under strict scrutiny and is enforcing reforms to protect detainees. There also is no evidence that Defendant is not receiving appropriate medical care for his asthma and diabetes. In his Reply, Defendant argues that while he is receiving care, there is not proper documentation of his routine care. There is no evidence he is not receiving the care, just a problem with documentation. Therefore I find there is no compelling reason for release under 3142(i).

It also is obvious to the Court that with the uncertainty of transmission of the COVID-19 virus, there is a risk of placing a positive tested person, this Defendant, into the public. The virus has presented itself as a moving target for health officials attempting to understand and control the community spread. While counsel have done well to present a plan for release, I find release is not appropriate for this Defendant regardless of the options available. As to home detention, the Court has been advised by Probation and Pretrial Services that traditional location monitoring is no longer available due to the risks to pretrial services personnel.

The Defendant presents no change of circumstances regarding the 3142(g) factors to overcome the factors found by this Court that demand his continued detention. Defendant, although testing positive, is asymptomatic and receiving appropriate care. The facility is being closely monitored by the Court. For the reasons stated by this Court, the Emergency Motion to Reopen Detention Hearing and Set Conditions of Release, ECF 22 is DENIED.

So Ordered this 30th day of April, 2020.

_____/s/_____
A.  David Copperthite
United States Magistrate Judge